STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRIAN S. WISE,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1258** (BOR Appeal No. 2045563)
(Claim No. 2004051634)

**and**

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

**AND**

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Petitioner**

**vs.)   No. 11-1379**  (BOR Appeal No. 2045563)
(Claim No. 2004051634)

**and**

**BRIAN S. WISE,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

These consolidated appeals arise out of two Orders by the Workers' Compensation Board of Review concerning the entitlement of the claimant, Brian S. Wise, to attorney's fees incurred

in the process of obtaining reversals of separate decisions by the claims administrator denying authorization for requested treatments.[1]

In Case No. 11-1258, Mr. Wise, the petitioner, by M. Jane Glauser, his attorney, appeals the Board of Review's Final Order dated August 26, 2011, in which the Board reversed a February 3, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted Mr. Wise's request for attorney's fees incurred in the protest of the claims administrator's April 14, 2010, decision, which denied authorization for Vicodin. In Case No. 11-1379, Consolidation Coal Company, by Edward M. George III, its attorney, appeals the Board of Review's Final Order dated September 14, 2011, in which the Board affirmed a May 17, 2011, Order of the Office of Judges. In its Order, the Office of Judges granted Mr. Wise's request for attorney's fees incurred in protesting the claims administrator's July 14, 2010, decision denying authorization for an L4-5 and L5-S1 laminectomy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wise was injured on June 1, 2004, while working as a coal miner for Consolidation Coal Company, when he stepped into a ditch in an underground mine. The claim was held compensable for a lumbar sprain and a sprain of an unspecified site of the hip and thigh. But the specific diagnoses associated with his injury and the treatments related to those diagnoses have frequently been in litigation throughout the life of this claim.

On April 2, 2010, Charles J. DeNunzio Jr., D.O., requested authorization for additional Vicodin in order to treat Mr. Wise's chronic pain. On April 14, 2010, the claims administrator denied Dr. DeNunzio's request because there were no medical records submitted to support the request. The Office of Judges reversed the claims administrator's April 14, 2010, decision on August 26, 2010, stating that this Court's Memorandum Decision and the Office of Judges' prior authorization of Vicodin provided sufficient justification to authorize Dr. DeNunzio's request. Following the Office of Judges' Order, Mr. Wise filed a request for attorney's fees incurred in obtaining the reversal of the claims administrator's April 14, 2010, decision. On February 3, 2011, the Office of Judges granted Mr. Wise's request for attorney's fees. On August 26, 2011, the Board of Review reversed the Office of Judges' Order, leading Mr. Wise to the appeal in Case No. 11-1258.

In Case No. 11-1258, the Office of Judges found, in its February 3, 2011, Order, that the claims administrator's April 14, 2010, denial of Dr. DeNunzio's authorization request was

---

[1] On October 26, 2011, Mr. Wise requested by written motion that the Court consolidate appeal Nos. 11-1258 and 11-1379. Upon consideration the Court granted Mr. Wise's motion and consolidated the two appeals.

unreasonable and that Mr. Wise was entitled to attorney's fees under West Virginia Code § 23-2C-21(c) (2009). The Office of Judges reasoned that, because this Court has previously added herniated disc and intervertebral disc as compensable conditions of the claim and the Office of Judges had previously authorized treatment of those conditions with Vicodin, there was no legal basis for denying Dr. DeNunzio's request.

The Board of Review reversed the Office of Judges' Order on August 26, 2011, and held that the claims administrator was not unreasonable in denying Dr. DeNunzio's request. The Board of Review found that the claims administrator had a legal basis for denying Dr. DeNunzio's request, because Vicodin was a Schedule III controlled substance. The Board of Review pointed to the guidelines set out in West Virginia Code of State Rules § 85-20-53 (2006), and found that the documentation necessary for authorization of a prescription for a Schedule III substance was not submitted to the claims administrator.

The Order of the Board of Review was based on an erroneous conclusion of law. The Office of Judges determined that the claims administrator's denial of Vicodin was unreasonable in light of the Office of Judges' prior authorization. The Office of Judges was within its discretion in making that determination and there is nothing in the record to show that its Order was clearly wrong. The Board of Review violated its standard of review in reversing the Office of Judges' Order. We agree with the finding of the Office of Judges. The claims administrator had no legal basis for denying Dr. DeNunzio's request in light of the Office of Judges' prior authorization of Vicodin. Mr. Wise, therefore, is entitled to attorney's fees in Case No. 11-1258.

On July 13, 2010, Dr. DeNunzio requested authorization for an L4-5 and L5-S1 laminectomy. The claims administrator denied the requested authorization on July 14, 2010, stating that a prior MRI showed multilevel degenerative changes, which were not compensable conditions of the claim. The Office of Judges reversed the claims administrator's July 14, 2010, decision on December 1, 2010, concluding that authorization for the requested surgery had been previously granted by the Office of Judges in two separate Orders on December 29, 2009, and September 28, 2010. Following this reversal, Mr. Wise filed a second request for attorney's fees incurred in protesting the claims administrator's July 14, 2010, decision. The Office of Judges granted Mr. Wise's request on May 17, 2011, and the Order was affirmed by the Board of Review on September 14, 2011, leading Consolidation Coal Company to appeal in Case No. 11-1379.

In Case No. 11-1379, the Office of Judges, in its May 17, 2011, Order, found that the claims administrator's July 14, 2010, denial of authorization for lumbar surgery was unreasonable and that Mr. Wise was entitled to attorney's fees incurred in obtaining a reversal of the decision. The Office of Judges found that at the time the claims administrator denied Mr. Wise's request for lumbar surgery, this Court, by a Memorandum Decision dated December 17, 2009, had previously added herniated intervertebral disc as a compensable component of the claim. Based on this Decision, the Office of Judges had authorized various treatments including a L5-S1 microdiscectomy and additional surgical evaluation in its December 29, 2009, Order. The Office of Judges determined that these decisions, in light of the extensive medical and procedural history of the claim, made it unreasonable for the claims administrator to continue to deny

authorization for the requested lumbar surgery. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on September 14, 2011.

We agree with the conclusions of the Board of Review and the finding of the Office of Judges. Mr. Wise is entitled to attorney's fees incurred in obtaining a reversal of the claims administrator's July 14, 2010, decision. It was unreasonable for the claims administrator to deny authorization for the L4-5 and L5-S1 laminectomy. The extensive procedural history and medical evidence in the case were sufficient to determine that the requested lumbar surgery was reasonable and necessary to treat a compensable condition of Mr. Wise's June 1, 2004, injury. The claims administrator did not have a legal or factual basis to deny the requested authorization. West Virginia Code of State Rules § 93-1-19.4 (2008).

For the foregoing reasons, we find that the August 26, 2011, decision of the Board of Review in Case No. 11-1258 is clearly the result of an erroneous conclusion of law. We also find that the September 14, 2011, decision of the Board of Review in Case No. 11-1379 is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the August 26, 2011, decision of the Board of Review is reversed and remanded with directions to reinstate the February 3, 2011, Order of the Office of Judges, which granted Mr. Wise's request for attorney's fees. The September 14, 2011, decision of the Board of Review is affirmed.

Reversed and remanded in part and affirmed in part.

**ISSUED:  March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis, with respect to Case No. 11-1379
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis, with respect to Case No. 11-1258

4